IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY NORWOOD BAKER #1151865 | § | |
| | § | |
| V. | § | A-13-CA-817-LY |
| | § | |
| THE STATE OF TEXAS, STATE OF TEXAS "RICK PERRYGOVENOR" and STATE OF TEXAS "GREG ABBOTT ATTORNEY GENERAL"[1] | § § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Allen B. Polunsky Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff files his complaint pursuant 42 U.S.C. § 1983 (Civil Rights Act) and 42 U.S.C. §§ 12101-12213 (Americans with Disabilities Act).

Plaintiff believes he is being poisoned in prison. According to Plaintiff, he began experiencing physical problems in December 2011 or January 2012. Plaintiff states he experienced

---

[1]The Defendants are listed at they are described in Plaintiff's complaint.

severe muscle pulls, twitching nerves, burning sensations in his stomach and legs, and numbness in his legs and arms. Plaintiff believes the poison is being placed on his food. Plaintiff explains when he washes his food or fasts his symptoms go away. He also believes his symptoms become worse when he files a new appeal or motion with regard to his criminal litigation or files grievances in prison.

According to Plaintiff, he filed a grievance on April 29, 2012, concerning his beliefs. Plaintiff also alleges he sought medical treatment for his condition on May 8, 2012. Plaintiff asserts medical staff told him nothing was wrong with him, but they referred him to a "psych doctor." Plaintiff sought medical treatment again in November 2012. According to Plaintiff, tests of his urine and blood were performed, and he was again referred to "psyche Doctor Roy." Plaintiff asserts Dr. Roy recommended Plaintiff be admitted to the Skyview Mental Hospital in Rusk, Texas. Plaintiff alleges upon his arrival at Skyview he was given poisoned food and water. While at Skyview, Plaintiff asserts he saw two "psych. doctors." They allegedly admitted Plaintiff into the hospital and prescribed "psych drugs." Plaintiff continued to believe his food and drink were poisoned at the hospital. According to Plaintiff, he was returned to the Polunsky Unit on December 20, 2012. Plaintiff complains the poisoning is ongoing.

Plaintiff sues the State of Texas, Governor Rick Perry and Attorney General Greg Abbott. He requests the Court to take control of TDCJ-CID and to remove the UTMB medical staff from practicing medicine in TDCJ-CID. In addition, Plaintiff seeks declaratory relief and requests he be removed from the custody of TDCJ-CID. Plaintiff also seeks an unspecified amount of compensatory damages.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Americans with Disabilities Act

Plaintiff asserts his complaint is filed pursuant to the ADA in addition to the Civil Rights Act. Title II of the Americans with Disabilities Act of 1990 provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, programs or activities of a public entity," 42 U.S.C. § 12132. A plaintiff must first establish a prima facie case of discrimination before relief under the ADA can be considered. To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public

entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir.1997). Plaintiff has not alleged he is a qualified individual with a disability. In addition, Plaintiff does not allege he was discriminated against because of a disability. As such, Plaintiff has failed to allege a valid claim under the ADA.

    C.    Civil Rights Act

        1.    No personal involvement by Rick Perry or Greg Abbott

Plaintiff has named Governor Rick Perry and Attorney General Greg Abbott as defendants. To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). In this case, nowhere in his original complaint does Plaintiff suggest that Rick Perry or Greg Abbott were personally involved in the alleged poisoning of his food, or that they knew, or should have known, about his allegations. Thus, it appears Plaintiff is attempting to hold these individuals liable by virtue of their positions within the State as supervisors. However, § 1983 does not create supervisory or respondeat superior liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n. 6 (citing Alton v. Tex. A & M Univ., 168 F.3d 196, 200 (5th Cir. 1999)). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1997).

Plaintiff does not allege, let alone offer, any feasible factual allegations for purposes of § 1915A screening to suggest Defendants Perry or Abbott implemented an unconstitutional policy condoning food poisoning. Accordingly, Plaintiff claims against Perry and Abbott in their individual capacities should be dismissed as frivolous.

      2.      Eleventh Amendment Immunity

The State of Texas is immune from suit under the Eleventh Amendment. In addition, being sued in their official capacities for monetary damages, Defendants Perry and Abbott are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

In addition to seeking monetary relief, Plaintiff seeks injunctive relief. Specifically, Plaintiff seeks "federal intervention to deal with the widespread poisoning of inmates, to physically take control [sic] of TDCJ-ID [and] to remove UTMB medical staff from practicing medicine in TDJC-ID." The Eleventh Amendment does not apply to a request for a federal court to grant prospective injunctive relief against state officials on the basis of federal claims; thus, a request for prospective injunctive relief against state officials or employees in their official capacities falls within an exception to Eleventh Amendment immunity. See Ex parte Young, 209 U.S. 123, 149 (1908). However, the Fifth Circuit has explained that the Ex parte Young exception requires that the sued

official have "'some connection with the enforcement of the act' in question or be 'specially charged with the duty to enforce the statute' and be threatening to exercise that duty." Okpalobi v. Foster, 244 F.3d 405, 414-15 (5th Cir. 2001) (en banc) (quoting Ex parte Young, 209 U.S. 123, 157, 158 (1908)).

The food service at the state prison does not appear to be within the direct authority of the Texas Governor or its Attorney General. Accordingly, Plaintiff's claims do not fall within the Ex parte Young exception.

      3.    Eighth Amendment

Had Plaintiff named the proper state official as a defendant, Plaintiff's claims would still fail. Construing Plaintiff's claims liberally, he may be alleging an Eighth Amendment violation. The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. Prison officials must provide humane conditions of confinement, ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8–10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. Farmer, 511 U.S. at 834. Deliberate indifference is more than mere negligence. Id. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. at 837.

Plaintiff's recitation of the medical care he has received refutes his allegations that his food and drink have been poisoned. Rather, Plaintiff's allegations indicate Plaintiff has been treated for a mental rather than a physical ailment—which appears appropriate from the information before the Court. In addition, Plaintiff's particular allegations appear to fall into the category of cases describing scenarios clearly removed from reality and are frivolous.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought pursuant to the ADA and Plaintiff's claims brought pursuant to the Civil Rights Act against Defendants Perry and Abbott in their individual capacities for monetary damages be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's claims brought pursuant to the Civil Rights Act against the State of Texas be dismissed without prejudice for want of jurisdiction. It is also recommended that Plaintiff's claims brought pursuant to the Civil Rights Act against Defendants Perry and Abbott in their official capacities be dismissed without prejudice for want of jurisdiction, or alternatively, be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of September, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE